UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **USA TECHNOLOGIES, INC.** : |  |
| Plaintiff, : | CIVIL ACTION NO. |
| : |  |
| v. : | NO.: 09-661 |
| : |  |
| **JOHN DOE AND JANE DOE** : |  |
| **ANONYMOUS INTERNET WEBSITE** : |  |
| **BLOGGERS OPERATING AS** : |  |
| **VENDICIAN, USATSUCKS,** : |  |
| **HDUMASSE AND VENDCARD** : |  |
| Defendants. : |  |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR ISSUANCE OF SUBPOENA**
***DUCES TECUM* PRIOR TO F.R.C.P.26(f) CONFERENCE**

F.R.C.P.26(d) provides that "a party may not seek discovery from any source before the parties have conferred as required by F.R.C.P.26(f). However, a court may allow a party to conduct discovery before the Rule 26(f) conference upon good cause shown. See Thermal Solutions, Inc. v. Imura International U.S.A. Inc., 2008 WL 2561098(D.Kan., June 26, 2008); Alpine Atlantic Asset Management AG v. Comstock, 2008 WL 618627 (D.Kan., March 03, 2008).

Absent issuance of a subpoena prior to the F.R.C.P.26(f) conference, Plaintiff USA Technologies, Inc. ("USAT"), is unable to learn the identity of the individuals who are defendants in this action. The issuance of a subpoena is a first step in pursuing USAT's causes of action. If leave is not provided to serve the subpoena on Yahoo!, Inc. ("Yahoo"), USAT has no redress against the internet bloggers who are posting the defamatory and

1

confidential information about USAT on the internet. The rights of the internet bloggers will be protected since release of the information about the bloggers will not be automatic once the subpoena is served. As set forth in the undersigned's Affidavit, the internet bloggers have the right to file a Motion to Quash the Subpoena before Yahoo! releases any information to USAT.

Courts have recognized the impediments posed to a plaintiff who is the subject of anonymous actionable postings on the internet. Since the identity of the individual is not generally disclosed on the postings, discovery must be conducted in order to determine the identity of the individual before the defendant is served. In Doe I v. Individuals, 561 F.Supp. 2d 249 (D.Ct. 2008), the court entered an order allowing the Plaintiffs to engage in limited expedited discovery to determine the identities of the Defendants who had allegedly posted defamatory statements about the Plaintiffs on a law school admissions website. Id., 561 F.Supp. 2d at 252. In that case, the court allowed "issuance of a subpoena *duces tecum* to AT&T for information relating to the identity of the person assigned to the IP address from which an individual using the pseudonym 'AK47' posted comments on AutoAdmit about Doe II." Id., 561 F.Supp. 2d at 252.

In this case, once Yahoo! receives the subpoena, it will provide notice to the individuals (as they have identified themselves to Yahoo! when setting up their account) of the

2

subpoena, as well as provide notice of the individuals' right to object to the subpoena. Yahoo! allows the individuals fifteen days to object to the subpoena before Yahoo! releases any information in response to the subpoena (see Lurio Affidavit).

Anonymous postings on the internet can wreck significant damage on an individual or company. Courts recognize that a poster's right to communicate defamatory and other wrongful information on the internet is not absolute. "The right to speak anonymously, on the internet or otherwise, is not absolute and does not protect speech that otherwise would be unprotected." Doe I v. Individuals, supra, 561 F.Supp.2d at 254; citing McIntyre v. Ohio Elections Comm'n, 514 U.S. 334, 353, 115 S.Ct. 1511, 131 L.Ed.2d 426 (1995).

Courts look at a number of factors when determining whether to allow information to be disclosed about anonymous internet posters. See Doe I v. Individuals, supra. In this case USAT has set forth sufficient information to outweigh any first Amendment concerns.

USAT has confirmed with Yahoo! that once the subpoena is served, Yahoo! provides the internet poster sufficient time to object to the release of the information, before the information is disclosed to USAT.

Next, USAT has set forth the exact offending statements in its complaint and in the subpoena addressed to YAHOO! USAT has

3

shown that the messages are actionable and there is no other way to learn the identity of the individuals posting the offending messages. The subpoena is narrowly drafted to elicit only the necessary information.

The defendants have no expectation of privacy under these circumstances since they agreed to Yahoo!'s Privacy Policy (see Exhibit "1" attached to the Lurio Affidavit) which provides in pertinent part as follows:

> Yahoo! collects personal information when you register with Yahoo!, when you use Yahoo! products or services, when you visit Yahoo! pages or the pages of certain Yahoo! partners, and when you enter promotions or sweepstakes. Yahoo! may combine information about you that we have with information we obtain from business partners or other companies.
> ...
>
> INFORMATION SHARING AND DISCLOSURE
> Yahoo! does not rent, sell, or share personal information about you with other people or non-affiliated companies except to provide products or services you've requested, when we have your permission, or under the following circumstances:
>
> ...
>
> We respond to subpoenas, court orders, or legal process, or to establish or exercise our legal rights or defend against legal claims.
> ...
>
> We believe it is necessary to share information in order to investigate, prevent, or take action regarding illegal activities, suspected fraud, situations involving potential threats to the physical safety of any person, violations of Yahoo!'s terms of use, or as otherwise required by law.

The court in Doe I v. Individuals, supra, 561 F.Supp. 2d at 255, determined that a similar posting on AT&T's Internet Services

4

Privacy Policy provided sufficient notice to the anonymous bloggers that information might be disclosed and stated, "Doe 21 has little expectation of privacy in using AT & T's service to engage in tortious conduct that would subject him to discovery under the federal rules".

Next, USAT has made a more than adequate showing that the postings are actionable. Message id 1309 posted by "usatsucks" contains confidential employee information concerning the number of employees laid off, and then rehired, that had not been publicly released at the time of the posting.[1] The message also contains false and defamatory statements that the Chief Operating Officer, Stephen Herbert, was receiving improper benefit by virtue of his standing as an officer of the company.

A message posted by "hdumasse" was titled "Re: Insider Trading at USA I think so you be the judge".[2] The message contains

---

[1] The message reads as follows: "they laid off 22 people and then hired 3 or 4 of them back within two days. all that, and the coo's kid(s) are still getting free tennis lessons from one of the two remaining sales guys. figure that one out."

[2] The message reads as follows: "to follow up what had been posted... within a few months of getting a new windows laptop, steve herbert bought himself (ahem, his wife) a mac laptop, expensed it to the company, and then pushed the now former comptroller to get the expense report processed and filed before the auditors arrive. word is that the same now former comptroller discovered that the company is losing money on every transaction processed and was fired for taking that to king george instead of letting the coo sweep it under the carpet with the rest of his dirty little secrets.".

false and defamatory statements about the Chief Operating Officer, Stephen Herbert, insofar as it states he improperly used company assets for his own benefit, engaged in insider trading, and had employees take improper actions concerning expense reports. The message also contains false and defamatory statements that each transaction processed by USAT loses money.

"Usatsucks" posted a message titled "Insider Trading at USA I think so you be the judge".[3] Again, the message contains false and defamatory statements about USAT and its officer insofar as it falsely refers to insider trading, and that USAT's Chief Operating Officer, Stephen Herbert improperly used company assets for his own benefit.

A message posted by "Vendician" titled "PCI?!?!"[4] contains information about two of USAT's internal compliance projects: PCI

---

[3] The message reads as follows: "Inside trading isn't all that's going on. Within a year of the company buying him a new Dell laptop, Steve Herbert expensed a Macbook (for his wife) and then made sure that the paperwork was neatly filed before the latest round of auditors came in. How dirty do people have to be before the authorities take action?"

[4] The body of the message is "So USA Tech was spending big bucks on both PCI and SOX and I have yet to see the results. Knowing their (and foxy's) affinity for press releases, I am deeply troubled that compliance appears not to have been achieved. I heard that a plan was in place in mid '07 to achieve both, and then......nothing. My guess is that the one running at least one of the projects was rif'd in rounds 1 or 2. That would fit the profile of both the person asked to leave (saying 'let go' implies they were hoping to leave) and the decision makers for their choices as if that were also surprising. Anyone have an update since this affects every single customer of this company?"

(required set of security standards for account data protection); and SOX (Sarbans Oxley Act). The false statements about USAT's compliance is defamatory and adversely affects USAT's ongoing business.

"Vendcard" posted a message titled "Insider Trading at USA I think so you be the judge".[5] The message in the preceding paragraph contains false and defamatory statements that the company engages in insider trading.

Each of the above referenced messages is actionable and without issuance of the subpoena to Yahoo!, USAT has no adequate remedy against the individual(s) known as Vendician, Usatsucks, Hdumasse and Vendcard.

        LURIO & ASSOCIATES, P.C.

BY: <u>Margaret Sherry Lurio  MSL7613</u>
  Margaret Sherry Lurio, Esquire
  One Commerce Square
  2005 Market Street, Suite 3320
  Philadelphia, PA 19103
  (215) 665-9300
  mlurio@luriolaw.com
  Attorney for Plaintiff USA
  Technologies, Inc.

---

[5] The body of the message is "I wonder what it takes for the SEC to stop the officers from insider trading. It's very interesting that they sell their shares right before layoffs happen. YES ANOTHER LAYOFF HAPPENED ON MONDAY. To bad that the people who got let go were not the right ones. If you ever want this stock to make money first they need to get rid of the officers who continue to take bonuses for not meeting numbers and then selling it just before layoffs. I don't see them taking pay cuts in fact they just gave themselves another bonus and raise."