UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| USA TECHNOLOGIES, INC. : | |
|     Plaintiff, : | CIVIL ACTION NO. |
| : | |
| v. : | NO.: 09-661 |
| : | |
| JOHN DOE AND JANE DOE : | |
| ANONYMOUS INTERNET WEBSITE : | |
| BLOGGERS OPERATING AS : | |
| VENDICIAN, USATSUCKS, : | |
| HDUMASSE AND VENDCARD : | |
|     Defendants. : | |

**ORDER**

AND NOW this _____ day of _____, 2009, upon consideration of Plaintiff USA Technologies, Inc.'s Motion for Issuance of Subpoenas *Duces Tecum* directed to Comcast Cable Communications, Inc. and Level 3 Communications, Inc. prior to F.R.C.P.26(f) Conference, it is hereby ORDERED that said Motion is granted and leave is provided to Plaintiff USA Technologies, Inc. to serve Subpoenas *Duces Tecum* on Comcast Cable Communications, Inc. and Level 3 Communications, Inc. prior to the F.R.C.P. 26(f) conference.

BY THE COURT:

_____
Kauffman, J.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| USA TECHNOLOGIES, INC. | : | |
| Plaintiff, | : | CIVIL ACTION NO. |
| | : | |
| v. | : | NO.: 09-661 |
| | : | |
| JOHN DOE AND JANE DOE | : | |
| ANONYMOUS INTERNET WEBSITE | : | |
| BLOGGERS OPERATING AS | : | |
| VENDICIAN, USATSUCKS, | : | |
| HDUMASSE AND VENDCARD | : | |
| Defendants. | : | |

## MOTION FOR ISSUANCE OF SUBPOENAS *DUCES TECUM* DIRECTED TO COMCAST CABLE COMMUNICATIONS, INC. AND LEVEL 3 COMMUNICATIONS, INC. PRIOR TO F.R.C.P.26(f) CONFERENCE

Plaintiff USA Technologies, Inc. (hereinafter "USAT"), herein requests this Court to allow service of Subpoenas *Duces Tecum* directed to Comcast Cable Communications, Inc. (hereinafter "Comcast") and Level 3 Communications, Inc. (hereinafter "Level 3") prior to a F.R.C.P.26(f) conference, and avers in support thereof as follows:

1. USAT is a Pennsylvania corporation with its principal place of business at 100 Deerfield Lane, Suite 140, Malvern, PA 19355.

2. USAT is a public company whose stock is traded on the National Association of Securities Dealers, Inc.'s Over the Counter Bulletin Board under the symbol "USTT".

3. On February 17, 2009, USAT filed a complaint against Defendants John Doe and Jane Doe, anonymous website bloggers on

1

the Yahoo.com Finance webpage for USAT, operating as Vendician, Usatsucks, Hdumasse, and Vendcard.

4. Defendants John Doe and Jane Doe, anonymous website bloggers operating as Vendician, Usatsucks, Hdumasse, and Vendcard, have posted actionable messages.

5. USAT'S complaint alleges causes of action for securities laws violations, defamation and breach of fiduciary relationship and breach of confidential relationship.

6. The identity of a particular individual posting a message on the Yahoo! USAT message board is unknown to the public as the member is identified only by a screen name.

7. On February 20, 2009, USAT filed a Motion seeking leave to serve a Subpoena *Duces Tecum* on Yahoo! prior to a F.R.C.P.26(f) conference in order to determine information concerning the identity of the anonymous website bloggers operating as Vendician, Usatsucks, Hdumasse, and Vendcard.

8. By Order dated March 26, 2009, the Honorable Bruce W. Kauffman granted leave to USAT to serve a Subpoena *Duces Tecum* directed to Yahoo!.

9. On April 29, 2009, Yahoo! forwarded a response to the *Subpoena Duces Tecum*, a copy of which is attached hereto as Exhibit "1". The information provided by Yahoo! did not provide sufficient personal information to determine the Defendants' identities, but Yahoo! did provide Internet Protocol (hereinafter

2

"IP") addresses for Defendants.

10. Vendician utilized two IP addresses: 69.142.64.96 and 65.89.178.10.

11. Usatsucks utilized IP address 68.45.90.249.

12. Hdumasse utilized IP address 68.46.158.47.

13. Vendcard utilized two IP addresses: 71.224.128.38 and 71.230.239.75.

14. As set forth in the Affidavit of Margaret Sherry Lurio (attached hereto as Exhibit "2"), the American Registry for Internet Numbers (hereinafter "ARIN") provides a resource to determine the Internet Service Provider (hereinafter "ISP") for a particular IP. For the IP addresses supplied by Yahoo!, ARIN identified two ISPs for the Defendants: Comcast Cable Communications, Inc. (hereinafter "Comcast") for all four defendants; and Level 3 Communications, Inc. (hereinafter "Level 3") for some of the messages posted by Vendician. The information maintained by ARIN for the IPs provided by Yahoo! in response to the Subpoena is attached hereto as Exhibit "3".

15. USAT seeks leave to serve Subpoenas on Comcast and Level 3 prior to the conference provided for in F.R.C.P. 26(f) since USAT can only learn the identity of the individuals posting the messages in question by conducting this initial discovery.

16. The proposed Subpoenas, attached hereto and incorporated by reference as Exhibits "4" and "5", seek disclosure of

3

identifying information for the individuals who have posted the messages at issue.

17. As set forth in the Lurio Affidavit, once Comcast receives a subpoena requesting information about the identity of an internet subscriber, Comcast provides fifteen business days notice to the individuals before disclosing the information in response to the subpoena, thereby allowing the individual time to move to quash the subpoena. Comcast's Privacy Policy is attached hereto as Exhibit "6".

18. As set forth in the Lurio Affidavit, Level 3 is a wholesaler whose customers are companies who provide IP addresses to individual customers. If a Subpoena *Duces Tecum* is served on Level 3 seeking identifying information about the messages posted by Vendician at IP address 65.89.178.10, the only information that Level 3 will be able to provide is the company who leases the IP bloc from Level 3. USAT will then need to serve an additional subpoena on the identified company to determine the individual who has posted the messages as Vendician.

19. USAT believes and avers that there is a sufficient basis for causes of action based on securities law violations, defamation and breach of fiduciary and confidential relationships. The involved postings contained false and defamatory information, the postings could affect the price of the public stock, the communications apply to USAT, the communications disclose

4

confidential and proprietary information known only to someone in a confidential and fiduciary relationship with USAT, a recipient would understand their defamatory meaning applied to USAT, special harm resulted to USAT from the publication, and no privilege applies.

20. Without access to the information which USAT seeks to learn through the proposed Subpoenas, USAT has no adequate remedy against the individual(s) known as Vendician, Usatsucks, Hdumasse and Vendcard.

WHEREFORE USA Technologies, Inc. respectfully requests this court to issue Subpoenas *Duces Tecum* directing Comcast and Level 3 to release all information known for the individual(s) operating as Vendician, Usatsucks, Hdumasse and Vendcard at IP addresses 69.142.64.96, 65.89.178.10, 68.45.90.249, 68.46.158.47, 71.224.128.38 and 71.230.239.75.

LURIO & ASSOCIATES, P.C.

BY: /s/ Margaret Sherry Lurio MSL7613
    Margaret Sherry Lurio, Esquire
    One Commerce Square
    2005 Market Street, Suite 3320
    Philadelphia, PA 19103
    (215) 665-9300
    mlurio@luriolaw.com
    Attorney for Plaintiff USA
    Technologies, Inc.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| USA TECHNOLOGIES, INC. : | |
|     Plaintiff, : | CIVIL ACTION NO. |
| : | |
| v. : | NO.: 09-661 |
| : | |
| JOHN DOE AND JANE DOE : | |
| ANONYMOUS INTERNET WEBSITE : | |
| BLOGGERS OPERATING AS : | |
| VENDICIAN, USATSUCKS, : | |
| HDUMASSE AND VENDCARD : | |
|     Defendants. : | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF USA TECHNOLOGIES, INC.'S MOTION FOR ISSUANCE OF SUBPOENAS *DUCES TECUM* DIRECTED TO COMCAST CABLE COMMUNICATIONS, INC. AND LEVEL 3 COMMUNICATIONS, INC. PRIOR TO F.R.C.P.26(f) CONFERENCE**

F.R.C.P.26(d) provides that "a party may not seek discovery from any source before the parties have conferred as required by F.R.C.P.26(f). However, a court may allow a party to conduct discovery before the Rule 26(f) conference upon good cause shown. See Thermal Solutions, Inc. v. Imura International U.S.A. Inc., 2008 WL 2561098(D.Kan., June 26, 2008); Alpine Atlantic Asset Management AG v. Comstock, 2008 WL 618627 (D.Kan., March 03, 2008).

This is the second stage of Plaintiff USA Technologies, Inc.'s ("USAT") attempt to determine the identity of the defendant internet bloggers. In response to the Subpoena *Duces Tecum* served on Yahoo!, USAT has learned the Internet Protocol ("IP") addresses for the bloggers. This information is not sufficient to identify the individuals. The remainder of the information provided by

1

Yahoo! was either insufficient to identify the bloggers, or was obvious fictitious information. Therefore, the next step is to obtain information from the two Internet Service Providers ("ISP") for the IP addresses supplied by Yahoo!: Comcast Cable Communications, Inc. (hereinafter "Comcast") and Level 3 Communications, Inc. (hereinafter "Level 3").

Absent issuance of subpoenas directed to Comcast and Level 3, USAT is unable to learn the identity of the individuals who are defendants in this action. If leave is not provided to serve the subpoenas on Comcast and Level 3, USAT has no redress against the internet bloggers who are posting the defamatory and confidential information about USAT on the internet. Any rights of the internet bloggers will be protected since release of the information about the bloggers will not be automatic once the subpoenas are served.

As set forth in the undersigned's Affidavit, the internet bloggers utilizing Comcast will have the right to file a Motion to Quash the Subpoenas before Comcast releases any information to USAT.

Level 3 differs from Comcast since Level 3 is a wholesaler whose customers are companies providing IP addresses to individual customers. The Subpoena *Duces Tecum* to be served on Level 3 seeks information about the company who leases the IP bloc in question (IP address 65.89.178.10 utilized by Vendician). It is expected that when Level 3 provides information about the company who

2

leases the IP bloc from Level 3, USAT will then have to seek leave to issue yet another subpoena to that company to determine the identity of Vendician at IP address 65.89.178.10.

Courts have recognized the impediments posed to a plaintiff who is the subject of anonymous actionable postings on the internet. Since the identity of the individual is not generally disclosed on the postings, discovery must be conducted in order to determine the identity of the individual before the defendant is served. In Doe I v. Individuals, 561 F.Supp. 2d 249 (D.Ct. 2008), the court entered an order allowing the Plaintiffs to engage in limited expedited discovery to determine the identities of the Defendants who had allegedly posted defamatory statements about the Plaintiffs on a law school admissions website. Id., 561 F.Supp. 2d at 252. In that case, the court allowed "issuance of a subpoena *duces tecum* to AT&T for information relating to the identity of the person assigned to the IP address from which an individual using the pseudonym 'AK47' posted comments on AutoAdmit about Doe II." Id., 561 F.Supp. 2d at 252.

Anonymous postings on the internet can wreck significant damage on an individual or company. Courts recognize that a poster's right to communicate defamatory and other wrongful information on the internet is not absolute. "The right to speak anonymously, on the internet or otherwise, is not absolute and does not protect speech that otherwise would be unprotected." Doe

3

I v. Individuals, supra, 561 F.Supp.2d at 254; citing McIntyre v. Ohio Elections Comm'n, 514 U.S. 334, 353, 115 S.Ct. 1511, 131 L.Ed.2d 426 (1995).

Courts look at a number of factors when determining whether to allow information to be disclosed about anonymous internet posters. See Doe I v. Individuals, supra. In this case USAT has set forth sufficient information to outweigh any first Amendment concerns.

USAT has confirmed with Comcast that once the subpoenas are served, Comcast provides the internet poster sufficient time to object to the release of the information, before the information is disclosed to USAT. If a Subpoena *Duces Tecum* is served on Level 3, the only information that Level 3 will be able to provide is the company who leases the IP bloc from Level 3. USAT will then need to seek leave to serve yet another Subpoena before the individual's information is disclosed.

Next, USAT has set forth the exact offending statements in its complaint and in the subpoenas addressed to Comcast and Level 3. USAT has shown that the messages are actionable and there is no other way to learn the identity of the individuals posting the offending messages. The subpoenas are narrowly drafted to elicit only the necessary information.

For the individual(s) who have accessed Yahoo!'s Message board via their account at Comcast, the defendant(s) have no

4

expectation of privacy under these circumstances since Comcast's Privacy Policy (see Exhibit "6") provides in pertinent part as follows:

> For subscribers to our high-speed Internet and phone services, the Cable Act requires Comcast to disclose personally identifiable information and individually identifiable CPNI to a private third party in response to a court order, and we are required to notify the subscriber of the court order.

The court in <u>Doe I v. Individuals</u>, <u>supra</u>, 561 F.Supp. 2d at 255, determined that a similar posting on AT&T's Internet Services Privacy Policy provided sufficient notice to the anonymous bloggers that information might be disclosed and stated, "Doe 21 has little expectation of privacy in using AT&T's service to engage in tortious conduct that would subject him to discovery under the federal rules".

For the individual(s) who has posted under the name Vendician at IP address 65.89.178.10 through Level 3, the subpoena to be served on Level 3 will only disclose the company who leases the IP bloc from Level 3, and not the identity of the individual.

Next, USAT has made a more than adequate showing that the postings are actionable. Message id 1309 posted by "usatsucks" contains confidential employee information concerning the number of employees laid off, and then rehired, that had not been

publicly released at the time of the posting.[1] The message also contains false and defamatory statements that the Chief Operating Officer, Stephen Herbert, was receiving improper benefit by virtue of his standing as an officer of the company.

A message posted by "hdumasse" was titled "Re: Insider Trading at USA I think so you be the judge".[2] The message contains false and defamatory statements about the Chief Operating Officer, Stephen Herbert, insofar as it states he improperly used company assets for his own benefit, engaged in insider trading, and had employees take improper actions concerning expense reports. The message also contains false and defamatory statements that each transaction processed by USAT loses money.

"Usatsucks" posted a message titled "Insider Trading at USA I think so you be the judge".[3] Again, the message contains false and

---

[1] The message reads as follows: "they laid off 22 people and then hired 3 or 4 of them back within two days. all that, and the coo's kid(s) are still getting free tennis lessons from one of the two remaining sales guys. figure that one out."

[2] The message reads as follows: "to follow up what had been posted... within a few months of getting a new windows laptop, steve herbert bought himself (ahem, his wife) a mac laptop, expensed it to the company, and then pushed the now former comptroller to get the expense report processed and filed before the auditors arrive. word is that the same now former comptroller discovered that the company is losing money on every transaction processed and was fired for taking that to king george instead of letting the coo sweep it under the carpet with the rest of his dirty little secrets.".

[3] The message reads as follows: "Inside trading isn't all that's going on. Within a year of the company buying him a new

6

defamatory statements about USAT and its officer insofar as it falsely refers to insider trading, and that USAT's Chief Operating Officer, Stephen Herbert improperly used company assets for his own benefit.

A message posted by "Vendician" titled "PCI?!?!"[4] contains information about two of USAT's internal compliance projects: PCI (required set of security standards for account data protection); and SOX (Sarbans Oxley Act). The false statements about USAT's compliance is defamatory and adversely affects USAT's ongoing business.

"Vendcard" posted a message titled "Insider Trading at USA I think so you be the judge".[5] The message in the preceding

---

Dell laptop, Steve Herbert expensed a Macbook (for his wife) and then made sure that the paperwork was neatly filed before the latest round of auditors came in. How dirty do people have to be before the authorities take action?"

[4] The body of the message is "So USA Tech was spending big bucks on both PCI and SOX and I have yet to see the results. Knowing their (and foxy's) affinity for press releases, I am deeply troubled that compliance appears not to have been achieved. I heard that a plan was in place in mid '07 to achieve both, and then......nothing. My guess is that the one running at least one of the projects was rif'd in rounds 1 or 2. That would fit the profile of both the person asked to leave (saying 'let go' implies they were hoping to leave) and the decision makers for their choices as if that were also surprising. Anyone have an update since this affects every single customer of this company?"

[5] The body of the message is "I wonder what it takes for the SEC to stop the officers from insider trading. It's very interesting that they sell their shares right before layoffs happen. YES ANOTHER LAYOFF HAPPENED ON MONDAY. To bad that the people who got let go were not the right ones. If you ever want

paragraph contains false and defamatory statements that the company engages in insider trading.

Each of the above referenced messages is actionable and without issuance of the subpoenas to Comcast and Level 3, USAT has no adequate remedy against the individual(s) known as Vendician at IP addresses 69.142.64.96 and 65.89.178.10, Usatsucks at IP address 68.45.90.249, Hdumasse at IP address 68.46.158.47 and Vendcard at IP addresses 71.224.128.38 and 71.230.239.75.

<p style="padding-left: 40%">LURIO & ASSOCIATES, P.C.</p>

BY: <u>/s/Margaret Sherry Lurio MSL7613</u>
    Margaret Sherry Lurio, Esquire
    One Commerce Square
    2005 Market Street, Suite 3320
    Philadelphia, PA 19103
    (215) 665-9300
    mlurio@luriolaw.com
    Attorney for Plaintiff USA Technologies, Inc.

---

this stock to make money first they need to get rid of the officers who continue to take bonuses for not meeting numbers and then selling it just before layoffs. I don't see them taking pay cuts in fact they just gave themselves another bonus and raise."

8

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| USA TECHNOLOGIES, INC. | : | |
|     Plaintiff, | : | CIVIL ACTION NO. |
| | : | |
| v. | : | NO.: 09-661 |
| | : | |
| JOHN DOE AND JANE DOE | : | |
| ANONYMOUS INTERNET WEBSITE | : | |
| BLOGGERS OPERATING AS | : | |
| VENDICIAN, USATSUCKS, | : | |
| HDUMASSE AND VENDCARD | : | |
|     Defendants. | : | |

**CERTIFICATION OF UNCONTESTED MOTION FOR ISSUANCE OF SUBPOENA**
***DUCES TECUM* PRIOR TO F.R.C.P.26(f) CONFERENCE**

Since there is no defendant identified by proper name to date in this matter, the attached Motion is uncontested.

                                BY: /s/Margaret Sherry Lurio MSL7613