IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| USA TECHNOLOGIES, INC. | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 09-661 |
| | : | |
| JOHN DOE, et al. | : | |

**ORDER**

**AND NOW**, this 7th day of May, 2009, upon consideration of Plaintiff's Motion for Issuance of Subpoenas Duces Tecum (docket no. 5), it is **ORDERED** that the Motion is **GRANTED**.[1] Accordingly, leave is granted for Plaintiff to serve subpeonas duces tecum, as described in its Motion, on Comcast Cable Communications, Inc., and Level 3 Communications, Inc.

BY THE COURT:

S/ BRUCE W. KAUFFMAN
BRUCE W. KAUFFMAN, J.

---

[1] Plaintiff moves for leave to issue subpoenas duces tecum prior to a conference pursuant to Federal Rule of Civil Procedure 26(f). See Fed. R. Civ. P. 26(d). A party must obtain leave of Court to conduct discovery prior to the Rule 26(f) conference. See id. Plaintiff previously obtained leave from the Court to serve a subpoena on Yahoo! to obtain the identities of persons who allegedly posted defamatory information related to Plaintiff on a message board at yahoo.com. Yahoo! was unable to provide Plaintiff sufficient personal information to determine Defendants' identities, but it did provide Plaintiff the Internet Protocol ("IP") addresses used by Defendants. Because the IP addresses provided by Yahoo! are registered by Comcast Cable Communications, Inc., and Level 3 Communications, Inc., Plaintiff now seeks leave to serve subpoenas on those two companies in order to discover Defendants' identities.

In the context of discovery of the identities of anonymous Internet writers, courts have developed a test designed to balance First Amendment concerns against the needs of plaintiffs to address alleged wrongs. See Doe v. Individuals, 561 F. Supp. 2d 249, 254 (D. Conn. 2008); Dendrite Int'l Inc. v. Doe, 775 A.2d 756, 771 (N.J. Super. 2001). This test is typically applied in the context of a motion to quash. See, e.g., Individuals, 561 F. Supp. 2d at 253; Krinsky v. Doe, 36 Media L. Rep. 1321 (Cal. App. 4th 2008). Accordingly, the Court will grant the instant Motion, with the understanding that Defendants may raise a timely challenge to the subpoenas in a motion to quash.